Good morning, Your Honors. May it please the Court, my name is Kelly Reynolds and I am representing the Petitioner in this matter. Can you get that microphone a little closer to you, please? I think I can. Is that better? Thank you. Okay. Your Honors, the issue before this Court in this case is whether or not felony false imprisonment under the California Penal Code is a categorical crime involving malturbitude. As an initial matter, there is the question of whether or not this Court should even reach that issue, as the Petitioner has identified in his brief, that the Department of Homeland Security raised the issue of whether or not this was a categorical crime involving malturbitude for the first time on appeal. How was your client prejudiced by that? One of the benefits, actually, of oral argument, Your Honor, Judge Hurwitz, is that I get to go back and review everything that was done. The prejudice, of course, you have to look at the other. I mean, I know it's prejudice because he lost, but that's not a cognizable prejudice. And since it's solely a legal issue, it's not like he would have put on different evidence in front of the – under merits, I understand your argument to be strictly a legal one. This is not a categorical crime involving moral turpitude. So how were you prejudiced in defense in front of the BIA by their tardiness in raising the issue, if you will? Well, Your Honor, I would look to the fact that the Respondent has now been faced with removal for nine years. He was served with a – the notice to appear in October of 2005, and he's been facing this for nine years. But for one year, he was dragged into court and dragged into court with a Department of Homeland Security that was just absolutely unprepared, and he just kept being faced with removal. And while I recognize that this is not a form of prejudice that this Court has previously recognized, at the very least, the acceptance of this argument by the Board of Immigration Appeals was an abuse of discretion because this Court has held and the Supreme Court has held that if the Court – if the Board of Immigration Appeals does not uniformly apply its prior precedent or uniformly apply its rules and regulations in what it will accept for the first time on appeal, then it does constitute an abuse of discretion. And that is – I have had the opportunity to look into this. Yeah. And here's my difficulty and why I'd sort of like you to move on to the merits here. Certainly. What relief do you get if they violated his due process rights in the way they conducted this hearing? Can't they just start all over again if they think this is a crime involving moral turpitude? No. Termination could be upheld. And then – But your argument is I didn't have sufficient ability to defend against this because I didn't know about it until late in the proceedings. So what if they say, let's start over again? So I'd really – from my perspective, I don't know what my colleagues think. I'd really – I think you might more profitably use your time on the merits of your argument. I can certainly get to that, Your Honor. And I was expecting to get to that. If the Court does choose to consider the issue of whether or not this is felony false imprisonment is a crime involving moral turpitude, then the Court needs to look to California case law and how the California courts have interpreted felony false imprisonment and whether – Is the statute divisible? I believe that the statute of felony false imprisonment is divisible, in that it – under this Court's precedent, in that it lists violence, menace, fraud, and deceit. Okay. So let's suppose we throw out fraud, throw out deceit, probably throw out menace. Why wouldn't this be a crime of moral turpitude if committed with violence? Well, I looked at the case of People v. Castro, which is cited in the Petitioner's Brief. And in People v. Castro, in the Respondent's Brief, the Respondent spends a lot of time discussing the prior conduct of the defendant prior to the actual false imprisonment by violence that the Court found was – that the Court found was perpetrated. And the actual conduct that the Court cited to that constituted felony false imprisonment by violence was grabbing the victim's hand, pulling her two steps toward his car, and all of this occurred in a matter of seconds. That is sufficient. And you can tell that they are interpreting this. Well, so what? I mean, if it's violence, it's violence. Well, no. I think this Court – It doesn't say they have to break her arm. I mean, if they – if somebody physically accosts somebody and falsely imprisons that person by actual physical removal, forcing someone, why wouldn't that be not only violent but fit in the definition of a crime of moral turpitude? Well, because, Your Honor, of the prior precedent of this Court saying that this kind of de minimis violence is – What case says de minimis violence? Are you asking me what case in – of this Court's precedent? You just said this Court's prior precedent dealing with de minimis violence. Which case is that? Well, Fernandez-Ruiz, and obviously there's the BIA case of Matter of Sonudo. But let's get that. We have a categorical case here. We're not dealing with a modified – even though the statute's divisible, we're not dealing with a modified categorical approach, at least at this stage. The BIA may later on deal with that. So we have to have all – it has to be – we have to have all four of the prong – of the intent prong satisfied here, don't we? In other words, it has to be – it has to be – the statute has to be such that one cannot commit it without committing a crime involving moral turpitude. Correct? Yes, Your Honor. So that while – if a case involved violence, it might well meet the modified categorical approach. We're not there today. We're not there today. We don't know what this case involved. Right. And you – and this Court just needs to look to the minimum conduct necessary to violate the statute. Right. And one of the – Suppose we find it's divisible. We don't know whether it's done with violence, deceit, venice or what, right? Right. So then what happens? We send it back and let the BIA figure that out or what? Well, Your Honor, what we're dealing with here is all – all – the only question that's before this Court is whether or not it's a categorical crime involved. So what relief are you seeking? What do you want us to do if we find it? I'm not sure – I'm not sure that you can make it that easy. First of all, this is a lesser included offense of the original kidnapping charge, right? No, I don't believe it's a lesser included offense of kidnapping. Felony false imprisonment is only – is listed as a lesser included offense of hostage taking. Well, no, under California law, it is a lesser included offense of simple kidnapping, is it not? This Court said so. Oh, yes. You're right. In – in Castrillon. Right. And – and so – Sorry. There's a case – there's a case that was decided January 9th, less than a month ago, at 704 Fed 3rd, 1205, and I'm not sure I can pronounce the Castrillon Garcia v. Holder, which said kidnapping is not a crime of moral turpitude. Right. Now, if a kidnapping is not moral turpitude, how can the lesser included offense be moral turpitude? I believe that would probably be a question for my opponent, but I would agree with you. Your answer to Judge Vincent's question is it cannot. My answer to your question is that it cannot, because you're right that it is a lesser included offense of kidnapping nevertheless, and if kidnapping is not categorically a crime involving moral turpitude, then obviously felony false imprisonment. Well, I ask you that question to put the government on notice, but I also have another question about you, and that has to do with the Shepard documents, which apparently the government and you both agree are not sufficient to make this suitable for modified categorical approach, but in the change of plea documents at paragraph 14, it very distinctly says that the changes that were made and initialed say that this will result in a denial of naturalization and deportation and exclusion from admission, and it was changed from may to will and initialed. What does that mean? That means that, in fairness, I'm extremely familiar with Penal Code Section 1016.5, which that is written on every plea form to implement, and basically what that means is that the attorney who was representing the Respondent changed that in order to ensure that he was not later on, nobody later on came back for, at him, to, in an ineffective assistance of counsel claim that he was not properly advised. That's commonly done. He was advised of his collateral consequences of the plea. Right. Well, I always do that as a judge, but I use may. This form says may, but that's crossed out and it says will. Right, and that was done by his defense attorney in order to, and that is commonly done in the plea colloquy by, and I think this is outside the scope, but especially given that the California court has no jurisdiction over whether or not this gentleman should be removed. I didn't get the answer to what you think we should do if we decide that the statute is divisible. Well, if you decide that the statute is divisible, Your Honor, the only argument made by the government on appeal in this case is that it is a categorical crime involving moral turpitude. So I think that you should find that the government failed to meet its burden in demonstrating that it is a moral turpitude. Yeah, but that doesn't answer his question. Let's assume that we find that, that this is not a categorical crime involving moral turpitude. What do we do with your case? Do we send it back to the BIA? Well, I think, no, I actually think you should grant the petition. Why not? Because the government was given many opportunities to come forward with documents under the modified categorical approach, and that was the only way that they proceeded prior to raising the issue of categorical CIMT on appeal. So why don't we just vacate the decision of the BIA and remand it to that agency for further proceedings consistent with our disposition? I believe that you should. I believe that you shouldn't. I believe that I would be able to demonstrate that under the modified categorical approach it doesn't. But since nobody else, nobody has looked at that yet and there are no documents, it seems to me the question that both Judge Silverman and I are asking, at least I think I am, is don't we just kick it back to the BIA and let the rest of the drama play out? Well, after finding that it was not a categorical crime. If you lose, we're done. I understand. I think you're saying that we shouldn't do that because they had their chance to bring these papers and everything else and for whatever reason didn't see fit to do that. I believe that's true. Put all their eggs in the basket that this was categorical. Yes.  Got you.  Thank you. Good morning. Good morning. May it please the Court. My name is Jesse Busen and I represent the Attorney General. Moving on to the issue of whether the felony false imprisonment conviction qualifies. Let me tee this up for you because when you briefed this case, you didn't have this circuit's decision and in a case whose name I can't pronounce, but one of the names is Garcia, I think. I'll use that. We said that simple kidnapping is not a crime, a categorical crime involving moral turpitude. This is a lesser included offense of simple kidnapping under California law. How can this be a crime involving moral turpitude given that decision? I don't fault your briefs for not mentioning it because it came in after the briefs, but isn't that the end of the ballgame? Well, Your Honor, the analysis in this case as the Court has held elsewhere, this analysis over whether this is a crime involving moral turpitude is very specific to immigration law. Well, I understand, but that was an immigration case and we said in that immigration case that the greater offense does not have the necessary mens rea to be a categorical crime involving moral turpitude. If the greater offense doesn't have the necessary mens rea to do so, how can the lesser offense? These statutes are drawn in the criminal context and the Court needs to look at these when determining whether it's a crime involving moral turpitude on a case-by-case basis, on a statute-by-statute basis. Because while the legislature of California may have drawn these statutes to make this a lesser included offense based on certain elements, that doesn't necessarily mean that the lesser included offense for immigration purposes would not be a crime involving moral turpitude. Well, but if the lesser included offense includes no greater mens rea than the greater offense, which I think is the definition of a lesser included offense, how can the mens rea for the lesser offense satisfy our standards for crime involving moral turpitude? Well, as we've argued here, we think that there is the sufficient seance or the sufficient mens rea here. And the Castrillon decision certainly makes it more difficult for us to argue that. I would argue that both would qualify as a crime involving moral turpitude. Right, but you can't argue it anymore. So based on that, again, I would just say that I believe the mens rea in this particular offense, that the language of the statute in this particular offense establishes the necessary mens rea, even setting aside. Well, so let's set aside Castrillon and tell me how I've read the California cases, and some of them suggest that the amount of menace used to establish false imprisonment can be as much as holding up a hand, stop, pointing at somebody. Is that sufficient seance or to be a crime involving moral turpitude? Well, the question for seance or is does it establish an evil intent? And in the cases that have been cited. An evil intent, you say. An evil intent. And all the cases that have been cited, the circumstances of the use of menace or violence in these cases establishes that evil intent. Fraud or deceit. I would note that Petitioner didn't raise the fraud or deceit issue in this case. But, I mean, categorically you can commit this crime by fraud or deceit. Yes, Your Honor. In addition to menace or violence. So doesn't that automatically disqualify this categorically as a crime of moral turpitude? No, because a crime involving moral turpitude can also be an offense that is perpetrated by fraud, Your Honor. Even if there's no harm, no physical harm to the victim. Yes, Your Honor. Okay. Let's assume we disagree with you for that, for the sake of discussion. Let's say we say the offense is not categorically a crime of moral turpitude. It's divisible. Yes, Your Honor. I understood Ms. Reynolds to say you blew your chance to show that it was a crime of moral turpitude under the modified categorical approach by your failure to come forward with any proof. You don't get a do-over. Well, Your Honor, in this case, as we noted in the brief, over a legal issue like this, the court has the board has de novo authority to determine whether to make determinations on legal issues. That's true. The board didn't. That's not her point. Her point is you didn't come forward with the goods when you had a chance. That's we did not, the government didn't argue on appeal that it was not categorically a crime involving moral turpitude, but there really was not any occasion to do so. Well, Your Honor, in this case, the board has de novo authority to determine whether to make determinations on legal issues.  The board didn't.  a crime involving moral turpitude. Well, Your Honor, in this case, as we noted in the brief, over a legal issue like this, the board didn't argue on appeal that it was not categorically a crime involving moral turpitude. The board didn't argue on appeal that it was not categorically a crime involving moral turpitude. Now you're here, and assuming that we find that there's not a categorical crime involving moral turpitude, what you're in effect saying to us is, well, we'd like to start over because maybe we can prove our case on another basis. And maybe you're entitled to do that, but that's concerning. So tell us why you deserve a second shot at this. Well, ultimately, the board, rather than us, is the one that deserves the first shot to say in the first instance that this is not even under a modified categorical approach. Well, you – I think you acknowledge that the only decision relied upon by the Board of Immigration Appeals, the Cornelio decision, isn't sufficient. Do you agree to that? That the Cornelio decision by itself is – There's only one cited to, right? Well, they cited that for the proposition that this is a crime of evil intent. But you don't – you don't contest that that by itself is not sufficient under the law of our circuit. I understand that in Castrillo v. Garcia, the Court has held that the California appellate court's decisions with respect to crime involving moral turpitude are not. So the only grounds relied upon by the Board of Immigration Appeals is insufficient. Pursuant to Castrillo v. Garcia, that alone would not be sufficient. So what do we do with it? Again, I believe if the Court determines that the Board's decision is in any way an error, that it should go back to the Board to make a decision with respect to any other issues. I'd also like to ask you about paragraph 14 of the change of plea documents and the cross-outs and changing from made to will. What does that mean? Again, I would agree with Petitioner's counsel that it appears to have been, at least as far as I can tell, if this was indeed made by counsel, to establish that sufficient warnings had been given with respect to the immigration consequences of the plea deal in the case. So to put it differently, if this were jaywalking and the same thing were in the plea agreement, it wouldn't establish that this was a crime involving moral turpitude? No. We looked at the statute and determined it rather than what counsel represented. Right. This would not appear to bear on the issue of whether it's a crime involving moral turpitude. It appears to have been included for a separate reason. So we're going to look at this purely in the categorical approach? Yes, Your Honor. No question about it? Yes, Your Honor. That means you don't get a redo then, right? Well, the board decided this on a categorical. But did you argue a modified categorical approach to the board? I do not believe DHS argued that. I mean, you, the government. So let me get to it. The argument is it's categorical, and we say, no, it's not. That ought to be the end of the ballgame. To the extent there is a question of whether or not it's a modified, I think that should go back to the board for a determination on that in the first instance. Or maybe if you had tried to prove it below, but since you didn't, I'm kind of wondering how you get a chance to do it again. Well, again, the board has de novo authority over that. I'm not talking about the board. I'm talking about the government. I'm saying when you show up at the IJ's courtroom and they ask you, okay, what's your theory, and you say it's categorical, you make no effort to prove it's not categorical, that it's modified, and you make no effort to do that, I don't really see why you get to do it again. You put all your eggs in the basket that it's categorical. You say it's categorical. We say it's not. Sorry. You know, you lose. What's your answer to that? Does your briefing even seek a remand? The brief just indicated that the modified – that we had not raised the modified categorical. Right. So not even before this Court do you say, I want to go back and try again. How do you answer Judge Silverman's question? Again, I think that because there would be an outstanding legal issue in this case, that we need to go back, notwithstanding the fact that we had not raised it. I think we got you. All right. Anything else? I have nothing further. Thank you, Your Honor. Thank you. Ms. Reynolds? How much time does Ms. Reynolds have? Do you want to take a minute? If you'd keep it to a minute if you think you need it. Okay. You may not need it. Okay. I would just – just one issue that's before this Court. The Court sends this back to the board. The board will send it back to the immigration judge. And I would point out that the Department of Homeland Security was slightly deceptive in seeking another continuance, because they were seeking a continuance to submit the plea agreement, which is exactly the document that Judge Vinson is referring to that was originally submitted. So I don't think that the government should be rewarded in this case with another opportunity to submit additional documents, given the delay tactics that it used in the original proceedings. Thank you. Thank you, Your Honor. Thank you, too. The case just argued is submitted. Good morning.
judges: Vinson, Silverman, Hurwitz